IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Frankie S. Myles, | : | |
| Plaintiff | : | Civil Action 2:13-cv-01169 |
| v. | : | Judge Smith |
| Kaman & Cusimano, LLC, | : | Magistrate Judge Abel |
| Defendant | : | |

## ORDER

Plaintiff Frankie S. Myles brings this action under the Fair Debt Collection Practices Act ("FDCPA"). This matter is before the Court on defendant Kaman & Cusimano, LLC's ("K&C") May 2, 2014 motion for judgment on the pleadings (doc. 13) and plaintiff Frankie S. Myles's June 24, 2014 motion for leave to file an amended complaint (doc. 16).

### I.    Allegations in the Complaint

In March 2010, Coventry Manor Condominium Association filed a foreclosure action in the Franklin County Court of Common Pleas against Myles for past due condominium association fees. (Case No. 10CV004238.) In September 2010, the Common Pleas Court granted Coventry Manor's motion for default judgment and entered a decree of foreclosure in the amount of $6,435.87 plus interest and other charges. The judgment also found that Wells Fargo Bank, N.A. had a valid first lien and

mortgage on Myles's condominium. In 2010, Myles brought her mortgage current with Wells Fargo, N.A. She remains current on her mortgage payments to Wells Fargo, N.A.

In November 2012, defendant Kaman & Cusimano, LLC entered an appearance as counsel for Coventry Manor in the Common Pleas foreclosure case. In December 2012, without her knowledge, Myles's property went to auction at a sheriff's sale, but was not sold. But on October 18, 2013 Myles's condominium was sold to Pinnacle Investments of Ohio L.L.C. at a sheriff's sale for $85,100. She was not aware that her home was auctioned and sold. In early November 2013, Myles learned about the sale. On November 5, 2013, Myles, through her foreclosure counsel, Otto Beatty, contacted Kaman & Cusimano to obtain a payoff amount to redeem her home. At that time, the sheriff's sale had not been confirmed. That same day, Kaman & Cusimano sent Myles's attorney a letter that read, in relevant part:

a. Kaman & Cusimano represented Coventry Manor;
b. "[T]his firm is a debt collector attempting to collect on this account for our client and any information obtained will be used for that purpose."
c. "Pursuant to Ohio law and the Association's judgment entry granted September 23, 2010, your client has an absolute right to redeem the property which expires 3 days after the Sheriff's Sale."
d. "[A] proposed confirmation entry has already been circulated and submitted to the court. Therefore, it is likely such entry will be granted before any motion can be filed."
e. "[Y]our client's absolute right to redeem has expired***."
f. "As a result of the above, and particularly based on the fact that my client will receive payment in full from the proceeds of the sale and therefore satisfy any in personal judgment against your client, I have not prepared a payoff."

2

Again on November 5, 2013, Kaman & Cusimano filed a motion in the Common Pleas Court to confirm the sale. On November 6, 2013, the Common Pleas Court entered a confirmation of sale vesting Pinnacles Investments' interest in Myles's Home.

The complaint pleads that Ohio Revised Code § 2329.33 provides an absolute statutory right to redemption that may be validly exercised at any time prior to the confirmation of sale. *Hausman v. Dayton*, 73 Ohio St.3d 671, 676 653 N.E.2d 1190 (1995). At the time of Kaman & Cusimano's November 5, 2013 letter to Myles's her absolute statutory right to redemption had not expired.

The complaint alleges that Kaman & Cusimano violated the FDCPA by making the following statement in the November 5, 2013 letter to her:

> Defendant's statement that Ms. Myles' "absolute right to redeem has expired" in its November 5, 2013 is a false representation of the character or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A).

The complaint further alleges:

- By failing to provide Ms. Myles a payoff quote, Defendant obstructed her right to redeem her property before the sheriff's sale.
- By failing to provide Ms. Myles a payoff quote, and instead immediately moving to confirm the sale, Defendant caused Ms. Myles to lose her home.
- Had Defendant provided a payoff, it would have been paid as Ms. Myles had already started securing funds.

The complaint pleads actual damages in the amount equal to the amount of lost equity, emotional damages, cost of moving, and other damages in excess of $90,000.00.

II.    **Arguments of the Parties**

A.    **Defendant K&C**

Defendant K&C argues that plaintiff's claim that its representation that "your client's absolute right to redeem has expired" was a false representation is without merit. K&C maintains that the alleged false representation must be read in conjunction with the entire document as a whole. K&C contends that plaintiff ignores the fact that the letter also stated, "[p]lease be advised that this correspondence is sent as a courtesy to facilitate resolution of the matter, and is not an opinion or other legal advice concerning your client's legal rights or merits of any potential claims." In addition to this disclaimer, the letter also stated that any decision to vacate the sheriff's sale would be within the court's discretion and that based on defendant's experience, the already circulated confirmation entry that had been submitted to the court would be entered on the docket before any motion could be filed. Defendant argues that when viewed as a whole, the November 5, 2013 letter to Beatty expressed nothing more than counsel's thoughts on the status of the state court foreclosure action, and it is inappropriate to permit plaintiff to parse out specific words and characterize them as a false representation of plaintiff's legal rights.

K&C also argues that the letter should be evaluated by the "competent lawyer" standard rather than the "least sophisticated consumer" standard. A representation by a debt collector that would be unlikely to deceive a competent lawyer should not be

4

actionable. Defendant also notes that plaintiff does not allege that she or her former attorney were actually misled by the letter.

K&C further argues that even if the Court were to decide that the letter contained a false representation and that false representation was actionable regardless of the standard applied, plaintiff's claim would still fail because the representation was not material. Defendant argues that plaintiff does not allege that the alleged misrepresentation had any impact on her ability to make intelligent decisions with respect to her debt, nor does she allege that she or her former employee relied on the representation or that it caused her to take action that she would not have otherwise taken.

### B. Plaintiff Frankie S. Myles

As an initial matter, plaintiff contends that K&C does not dispute that its statement in the letter was false or that defendant is subject to the FDCPA. Plaintiff argues that when the letter is read in its entirety, plaintiff's position that the contents are false, deceptive and misleading are strengthened. Plaintiff maintains that in the Sixth Circuit, the standard for determining whether a statement is false, deceptive or misleading is the "least sophisticated consumer" standard, not a "competent lawyer" standard. Plaintiff also argues that she was not required to plead that she relied on defendant's false statement to demonstrate that it was material. Plaintiff pleaded that she was ready, willing and able to redeem her property, but defendant refused to provide a

payoff quote on the basis that her absolute right to redeem her home had expired. Plaintiff maintains that she has stated a claim upon which relief may be granted.

At the time that defendant sent the November 5, 2013 letter, plaintiff's absolute statutory right to redeem her home had not expired. On the same day that K&C mailed the letter, it filed a motion to confirm the sale.

Plaintiff argues that the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation in connection with the collection of a debt. Statements can be deceptive if they are open to more than one reasonable interpretation. Plaintiff maintains that there is no question that defendant's statement "your absolute right to redeem has expired" was false because in Ohio a mortgagor's right to redeem is absolute and may be validly exercised at any time prior to the confirmation of sale. As of November 5, 2013, the date of the letter, the court had not confirmed the sale. Plaintiff further argues that defendant's statement that the court had discretion to vacate a sale prior to the confirmation entry but that it would likely require consent of the purchaser and other parties of interest was also false, misleading and deceptive. According to plaintiff an absolute right to redeem is absolute, and the statute leaves no discretion to the court. The statute also does not require the consent of parties of interest or the purchaser to vacate the sale. Defendant's statement misled and deceived plaintiff into believing that she must persuade the court and other parties of interest to vacate the sale.

Plaintiff also points to the fact that defendant filed its motion to confirm the sale the same day it wrote the letter. It did so despite its claim that it had already submitted a

proposed confirmation entry to the court. Plaintiff further contends that in the state foreclosure action, defendant misrepresented the amount due for Myles to redeem her property. The September 23, 2010 default judgment entry stated that Myles owed Coventry Manor $6,435.87 at eight percent per annum from January 1, 2009 for unpaid condominium assessments and other charges. Under the terms of this entry, Myles owed an additional $514.87 per year in interest, which made the outstanding balance $8,452.43 as of November 2013. The proposed confirmation entry, however, submitted by defendant, and confirmed by the court, distributed $17,193.87 to Coventry Manor.

Plaintiff maintains that defendant cannot escape liability by relying on the disclaimer in its letter.

Plaintiff further argues that the Sixth Circuit follows the "least sophisticated consumer" standard. The Sixth Circuit had the opportunity to adopt the "competent lawyer" standard, but it failed to do so. In the alternative, however, plaintiff argues that her complaint states a claim for relief even under the "competent lawyer" standard. Defendant provided a litany of issues that a competent lawyer would have had to research to determine their validity. Researching the claims put forth in defendant's letter would have taken long enough for the court to confirm the judgment while the issues were still being researched.

### III.    Motion for Judgment on the Pleadings

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v.*

*Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic

8

evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

## IV. Discussion

The FDCPA prohibits a debt collection from using "any false, deceptive, or misleading representation" in connection with the collection of any debt. 15 U.S.C. § 1692e. When considering whether a statement is false, deceptive or misleading, the statement should be read in its entirety. *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007). Statements are deceptive when they are open to more than one reasonable interpretation, one of which is inaccurate. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008).

Plaintiff relies on two statements in defendant's November 5, 2013 letter. The letter stated, "As your client's absolute right to redeem has expired, our experience shows that a court would likely require consent of the purchased in addition to other parties of interest (i.e. Wells Fargo Mortgage), before vacating the Sheriff's Sale." Plaintiff specifically asserts that defendant's statement that her absolute right to redeem

had expired was false. Defendant maintains that the statement is not a false representation. However, the statement clearly does not accurately state the law of Ohio, which provides that the statutory right redemption following foreclosure may be validly exercised as an absolute right at any time prior to confirmation of the sale. *See* Ohio Rev. Code § 2329.33; *Hausman v. Dayton*, 73 Ohio St. 3d 671, 676 (1995). The *Hausman* Court noted that "a common pleas court grants the mortgagor a three-day grace period to exercise the 'equity of redemption,' which consists of paying the debt, interest and court costs, to prevent the sale of the property." *Id.* (citing Hausser & Van Aken, Ohio Real Estate Law and Practice (1993) 744, Section 53.01(D)). The right of redemption does not expire after three days; the right is absolute until the foreclosure sale is confirmed. At the time the letter was sent, there was no confirmation, and plaintiff's right of redemption had not expired. Rather than being subject to multiple interpretations of which one is false, deceptive or misleading, it is difficult to find any alternative interpretation of defendant's statement that is not false, deceptive or misleading. The letter also stated that "Because the proceeds of the Sheriff's Sale are sufficient to pay all parties interests in full, it is unlikely that all parties would voluntarily consent to vacate this sale." This statement implies that the consent of parties was necessary to vacate the sale. Section 2329.33 of the Ohio Revised Code does not provide the court with discretion. *See* Ohio Rev. Code § 2329.33 ("The court of common pleas thereupon *shall* make an order setting aside such sale . . . .")(emphasis added).

10

The remaining question is what standard applies when a statement is made that arguably violates the FDCPA to the lawyer representing the consumer rather than the consumer herself. The Sixth Circuit has not decided whether the "least sophisticated debtor" standard or the "competent lawyer" standard applies under these circumstances. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 333 at n. 2 (6th Cir. 2008) (finding it unnecessary to decide whether application of the "least sophisticated debtor" standard was inappropriate because the brief was served on counsel rather than the consumer because the district court correctly granted judgment on the pleadings with respect to the FDCPA claims on other grounds ).

I believe that under either standard plaintiff has stated a claim for relief. Competent counsel would have had to research the legal assertions in the letter. Either intentionally or mistakenly, the letter specifically mischaracterized plaintiff's right of redemption. Plaintiff's allegation that defendant moved to confirm the sale the very day it sent the letter containing inaccurate information could be evidence of an intent to deceive and delay plaintiff's counsel from seeking the right of redemption immediately. As a result, defendant is not entitled to judgment on the pleadings.

**V.    Plaintiff's Motion for Leave to File an Amended Complaint**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading with the opposing party's written consent or by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a)(2), Fed. R. Civ. P.

11

That standard was construed by the Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182

(1962):

> If the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be
> afforded an opportunity to test his claim on the merits.  In the
> absence of any apparent or declared reason--such as undue
> delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party
> by virtue of the allowance of the amendment, futility of
> amendment, etc.--the leave sought should be "freely given."
> Of course, the grant or denial of an opportunity to amend is
> within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

Defendant argues that plaintiff unreasonably delayed in amending her complaint

and has failed to show good cause for the delay as required by Rule 16, Fed. R. Civ. P.

The February 27, 2014 Preliminary Pretrial Order established April 3, 2014 as the

deadline for filing any motion for leave to amend the pleadings or add parties. Doc. 12,

PageID 35.  An untimely motion for leave to amend is considered to be a request under

Fed. R. Civ. P. 16(b)(4) to modify the case schedule to permit such a motion.  This rule

does not provide for leave to be "freely" given, but rather that the case schedule itself be

modified only "for good cause".  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  "If

we considered only Rule 15(a) without regard to Rule 16(b), we would render

scheduling orders meaningless and effectively would read Rule 16(b) and its good cause

requirement out of the Federal Rules of Civil Procedure."  *Sosa v. Airprint Systems, Inc.*,

133 F.3d 1417, 1419 (11th Cir. 1998).  In evaluating whether the party seeking

12

modification of a pretrial scheduling order has demonstrated good cause, a court will adhere to the principle that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001), citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." Fed. R. Civ. P. 16, 1983 advisory committee's notes.

Plaintiff maintains that at the time she filed the complaint in this case, she had a motion to vacate the judgment pending in the state foreclosure action. The parties in the foreclosure action filed an agreed judgment entry on February 28, 2014 that provided upon payment to the third-party purchaser of plaintiff's property, the court would vacate the Sheriff's sale and the judgment entry confirming the sale. The clerk did not distribute the funds until April 7, 2014. Plaintiff maintains that she feared moving to amend her complaint until the foreclosure action had been resolved. Plaintiff further argues that defendant will not be prejudiced by the amendment of her complaint. Plaintiff seeks to amend her complaint to include specific factual allegations of the contents of the confirmation entry and to conform to the evidence before the Court.

K&C argues that plaintiff's additional claim is futile and that she cannot establish that good cause exists for her failure to meet the deadline for filing motions to amend the

13

pleadings. K&C maintains that it did not violate the FDCPA when it submitted the confirmation entry in the state foreclosure action because the FDCPA does not extend to communications that would confuse or mislead a state court judge. According to defendant, because the confirmation entry was not presented to plaintiff prior to being entered in the state foreclosure action, plaintiff cannot use it as support for a new claim.

K&C further maintains that plaintiff has not identified any legitimate reason for waiting until June 24, 2014 to file her motion for leave to amend the complaint. Defendant maintains that plaintiff's assertion that she feared filing her motion would upset settlement of the foreclosure action is without merit. Defendant maintains that the parties filed an agreed judgment entry on February 28, 2014 that established the manner in which the foreclosure action would be resolved, and plaintiff possessed all of the information regarding her claims as of that date.

I conclude that plaintiff has demonstrated good cause for the delay in moving to amend her complaint. Although defendant maintains that plaintiff's additional claim is futile, the merits of a complaint are best resolved through a motion to dismiss or a motion for summary judgment. *See WIXT Television, Inc. v. Meredith Corp.*, 504 F. Supp. 1003, 1010 (N.D.N.Y. 1980). Plaintiff's motion for leave to file an amended complaint is GRANTED.

### VI.     Conclusion

For the reasons stated above, defendant Kaman & Cusiman, LLC's ("K&C") May 2, 2014 motion for judgment on the pleadings (doc. 13) is DENIED and plaintiff Frankie

14

S. Myles's June 24, 2014 motion for leave to file an amended complaint (doc. 16) is

GRANTED. The Clerk of Court is DIRECTED to file the amended complaint attached to

the motion.

s/Mark R. Abel                    
United States Magistrate Judge
